IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERNEST EDWARD GAINES | § | |
| v. | § | CIVIL ACTION NO. 6:17cv74 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR RELIEF FROM JUDGMENT**

The Petitioner Ernest Edward Gaines filed this petition for the writ of habeas corpus under 28 U.S.C. §2254 apparently complaining of improper taking of his property. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Gaines filed his petition under 28 U.S.C. §2254, which provides an avenue for relief for persons in custody under the judgment of a state court. Although he refers to a 2006 conviction for aggravated robbery from Dallas County, Texas, the grounds for relief set out in his petition concern the damaging or confiscation of his property. Such claims do not implicate the legality of Gaines' custody and thus are not cognizable in habeas corpus. *See Cook v. Hanberry*, 596 F.2d 658, 660 n. 1 (5th Cir. 1979); *Pierre v. U.S.*, 525 F.2d 933, 936 (5th Cir. 1976).

The Magistrate Judge directed Gaines to file an amended petition setting out a short and plain statement of his claim. *See* Rule 2(c) of the Rules Governing §2254 Petitions in the United States District Courts (stating that a habeas corpus petition must specify all of the grounds for relief available to the petitioner, the facts supporting each ground, and the relief requested). When Gaines did not respond to this order, the Magistrate Judge issued a Report recommending that the petition

1

be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Gaines received a copy of this Report but when no objections were received, the petition was dismissed without prejudice.

Gaines then filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). This motion asserted that Gaines had mailed objections to the Magistrate Judge's Report, but that these were not received by the Court "due to fraud by a member of the opposing party."

Gaines attached a copy of his objections to the motion for relief from judgment. These objections stated that Gaines had not consented to the referral of the petition to the Magistrate Judge and argued that his claim for unlawful seizure of property was cognizable in habeas corpus.

## II. The Report of the Magistrate Judge

After reviewing Gaines' motion to alter or amend the judgment, the Magistrate Judge issued a Report recommending that the motion be denied. The Magistrate Judge stated that the petition was dismissed because Gaines did not respond to an order directing that he amend his petition. Thus, the Magistrate Judge determined that he had failed to prosecute his case or to obey the order directing amendment. Neither Gaines' motion to alter or amend nor the attached objections mention the basis upon which the petition was dismissed.

The Magistrate Judge observed that while Gaines contended his claim of seizure of property was cognizable in habeas corpus, this was incorrect because the taking of property did not itself implicate the fact or legality of his detention. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The Magistrate Judge further concluded that Gaines' complaint that he did not consent to the referral of the case lacked merit because no consent is required for a referral of preliminary matters to the Magistrate Judge in accordance with 28 U.S.C. §636(b). *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002).

### III. Gaines' Response to the Report

Gaines filed a response to the Report entitled "Petitioner's objection to Report and Recommendation and request to amend and correct the error." In this response, Gaines states that he was advised to file his petition under 28 U.S.C. §2254 and followed this advice, and he blindly took this advice and failed to search for a more knowledgeable person to help him. He asks that he be allowed to correct his pleadings and to file his complaint under 42 U.S.C. §1983.

### IV. Discussion and Conclusion

Gaines correctly recognizes that his claim of improper seizure of property is not cognizable in habeas corpus, but should proceed under 42 U.S.C. §1983. The habeas corpus petition which he filed was dismissed without prejudice, meaning that Gaines may re-file his complaint as a §1983 lawsuit if he wishes.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Petitioner's motion to alter or amend the judgment, the Report of the Magistrate Judge, and the Petitioner's response to the Report. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's response agrees with the Report and offers no basis upon which to set the Report aside. It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 17) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Petitioner's motion for relief from judgment (docket no. 16) is **DENIED**. Fed. R. Civ. P. 59(e). The denial of this motion does not preclude the Petitioner from re-filing his claims for unlawful taking of property as a §1983 lawsuit in federal court or as a claim in state court under the laws of the State of Texas.

**So Ordered and Signed**
May 4, 2018

_____
Ron Clark, United States District Judge